UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEWCO MG, INC.
Plaintiff,

v. Case No.: 8:11-cv-1287-T-24-TGW

HARVEY LIMON PERRY
Defendant.
______________________________/

**ORDER**

This cause comes before the Court on Defendant Harvey Limon Perry's Motion to Dismiss Plaintiff Newco MG, Inc.'s Complaint based on the doctrines of forum non conveniens and international abstention. (Doc. No. 15). Newco has filed a response in opposition (Doc. No. 23), and Perry has filed a reply (Doc. No. 28).[1]

**I. Background**

Newco has alleged the following: Newco is a Delaware corporation with its principal place of business in the Dominican Republic. (Doc. No. 1, ¶ 6). Perry is a resident of the State of Florida. (Doc. No. 1, ¶ 7). The dispute concerns a property located in the Dominican Republic comprised of a hotel, restaurant, nightclub and casino, known collectively as "Klimax" ("Property"). (Doc No 1, ¶ 8).

[1] Newco has also filed two Motions to Defer Ruling (Doc. Nos. 31, 33), which Perry opposes (Doc. No. 35), as well as a Motion for Leave to File a Sur Reply (Doc. No. 36). Perry moved for dismissal on October 12, 2011, and Newco filed two motions for extension of time to respond to Perry's motion (Doc. Nos. 18, 20), both of which the Court granted (Doc. Nos. 19, 22). Perry filed a reply on January 9, 2012 (Doc. No. 28), and Newco moved for leave to file a sur reply on February 17, 2012 (Doc. No. 36).

Miguel Rodriguez, the former owner, publically offered the Property for sale some time before November 2009. (Doc. No. 1, ¶ 8–9). Perry gave Rodriguez a letter of intent to purchase the Property but did not complete the sale. (Doc. No. 1, ¶ 12–13). Newco contends that it ultimately purchased the Property on February 17, 2010, free and clear of all liens and encumbrances, and with the understanding that Perry's letter of intent had expired and was of no effect. (Doc. No. 1, ¶ 10, 14).

However, Perry sued Rodriguez in the Dominican Republic to obtain the Property and for damages. (Doc. No. 1, ¶ 15). Newco was not named as a party in that proceeding. (Doc. No. 1, ¶ 18). The Dominican court entered judgment in favor of Perry, ordering surrender of the Property to Perry as well as monetary damages. (Doc. No. 1, ¶ 15). Newco sought, unsuccessfully, to annul or stay that judgment before the Supreme Court of the Dominican Republic. (Doc. No. 1, ¶ 21).

On April 17, 2011, based on the Dominican court's judgment awarding the Property to Perry, Perry entered the Property, either directly or through agents, and evicted all inhabitants, including employees of Newco. (Doc. No. 1, ¶ 22). In response, Newco sought emergency relief through a "referimiento" action in the Dominican court,[2] and on September 9, 2011, the court ordered Perry to relinquish possession of the Property to a court-appointed receiver, to pay a daily fine if he failed to comply, and to pay Newco's costs associated with the action. (Doc. No. 23 at 4). On May 7, 2011, Newco filed an action in the Dominican Republic seeking monetary damages against Perry. (Doc. No. 23 at 4). That action is still pending. (Doc. No. 23

---

[2] A "referimiento" action "is a summary proceeding under Dominican law that allows a court to award relief on an expedited basis." (Doc. No. 23 at 8).

at 4).

On June 10, 2011, Newco filed the instant complaint against Perry in the Middle District of Florida. (Doc. No. 1). Newco seeks monetary damages for conversion (Count I), tortious interference with an existing contract (Count II), and tortious interference with business relations (Count III).

**II. Motion to Dismiss**

Perry moves for dismissal based on the doctrines of international abstention and forum non conveniens so that the parties may litigate their dispute in the Dominican Republic. Because the Court concludes dismissal is appropriate under the doctrine of forum non conveniens, it will not discuss Perry's arguments concerning international abstention.

**Forum Non Conveniens**

The doctrine of forum non conveniens gives a district court discretion to decline jurisdiction over a case where an adequate alternative forum is available. See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 429 (2007). This examination involves a three-step analysis:

> As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. Next, the trial judge must consider all relevant factors of *private* interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. If the trial judge finds this balance of private interests to be in equipoise or near equipoise, he must then determine whether or not factors of *public* interest tip the balance in favor of a trial in a foreign forum. If he decides that the balance favors such a foreign forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.

C.A. La Seguridad v. Transytur Line, 707 F.2d 1304, 1307 (11th Cir. 1983). Because "the touchstone of forum non conveniens analysis is convenience, controlling weight cannot be given to any one factor in the balancing process or the doctrine would lose much of the flexibility that is its essence." La Seguridad, 707 F.2d at 1307 (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249 (1981)).

Newco does not contest that the Dominican Republic is an adequate alternative forum, so the Court need not address that component of the forum non conveniens analysis. However, the Court will examine each of the remaining factors in turn.

**Private Interest Factors**

Private interest factors include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

Piper Aircraft Co., 454 U.S. at 241 n.6 (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) (internal quotation marks omitted)). These factors are not exhaustive, and a district court should be flexible in applying them. See Wilson v. Island Seas Invs., Ltd., 590 F.3d 1264, 1270 (11th Cir. 2009).

Importantly, courts show deference to and consider the "strong presumption" in favor of a plaintiff's choice of forum, particularly when the plaintiff is a United States citizen, resident, or corporation. SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A., 382 F.3d 1097,

1101 (11th Cir. 2004). The Eleventh Circuit mandates "that district courts 'require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country.'" Wilson, 590 F.3d at 1270 (quoting SME Racks, 382 F.3d at 1101). A district court abuses its discretion by failing to account for this presumption when balancing the private interest factors. Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 866 (11th Cir. 2007) (per curiam). However, "while the plaintiffs' choice of forum has traditionally been regarded as particularly important, it is ultimately only a proxy for determining the convenience of litigating in one forum instead of another, and . . . at bottom, 'the central focus of the forum non conveniens inquiry is convenience.'" Aldana v. Del Monte Fresh Produce N.A., Inc., 578 F.3d 1283, 1294 (11th Cir. 2009) (quoting Piper Aircraft Co., 454 U.S. at 249–50). Therefore, "dismissal should not be automatically barred when a plaintiff has filed suit in his home forum. As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." Piper Aircraft Co., 454 U.S. at 255 n.23.

Perry maintains that all of the private interest factors weigh in favor of this case being dismissed and litigated in the Dominican Republic. First, Perry argues that documentation and other tangible evidence — all of the evidence necessary to the defense — is located in the Dominican Republic. Access to evidence is perhaps the most important private interest, Ford v. Brown, 319 F.3d 1302, 1308 (11th Cir. 2003), and in this case, it weighs in favor of dismissal. Perry names a number of likely Dominican witnesses who possess documents relevant to the issues raised in the complaint, and he argues that he would be severely prejudiced if this Court

were to retain jurisdiction because his access to this evidence would be limited.

Similarly, Perry contends that the vast majority of likely witnesses, who he expects to testify both to liability and to damages, reside in the Dominican Republic and are beyond this Court's subpoena power. In support, he notes that at least 67% of the witnesses disclosed by Newco reside in the Dominican Republic and that Perry has disclosed over 35 Dominican witnesses. Perry states that the cost of travel, hotels, and translation for willing witnesses would be greater in the United States than in the Dominican Republic.

Next, Perry notes that, though inspection of the Property may not be needed in this action, to the extent that viewing the premises is necessary, this factor also favors dismissal. The Court agrees that the jurors' physical inspection of the Property is unlikely to be called for, especially given the availability of photographic and video evidence; therefore, the Court finds this argument unpersuasive.

Finally, Perry raises practical considerations that he contends would make litigating this case in the Dominican Republic more convenient than it would be in Florida. Specifically, Perry cites the expense, delay, and inconvenience associated with translating the majority of the testimony and documentary evidence in the case, and transporting witnesses for discovery and trial.

In response to Perry's arguments, Newco contends that the private factors that favor Dominican jurisdiction do not overcome the presumption in favor of its choice of forum, and that Perry has not met his burden under the Eleventh Circuit's forum non conveniens precedent to justify dismissal.

The Court gives Newco's choice of forum substantial weight. However, that one factor

must not be given controlling weight. See La Seguridad, 707 F.2d at 1307. With the exception of Newco's choice of forum, all relevant factors weigh in favor of dismissal. Furthermore, there is "positive evidence of unusually extreme circumstances" here, in that virtually all of the evidence involved is located outside of the Court's jurisdiction in the Dominican Republic, and consequently, material injustice would result if Perry were forced to litigate in the United States. See SME Racks, 382 F.3d at 1101. Therefore, on balance, the Court finds that the private interest factors weigh heavily in favor of dismissal of this action so it can be litigated in the Dominican Republic.

**Public Interest Factors**

Public interest factors are used to gauge the convenience of the competing forums.[3] See Piper Aircraft Co., 454 U.S. at 241. They include:

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

Id. at 241 n.6 (quoting Gilbert, 330 U.S. at 509) (internal quotation marks omitted). Once again, this list is not exhaustive but merely suggests a range of considerations. See La Seguridad, 707 F.2d at 1307.

Perry argues that dismissal would relieve this Court's docket congestion, and he

---

[3] The Court does not find the balance of private interests to be in equipoise or near equipoise in this case; however, the Eleventh Circuit has suggested that courts should consider both private and public factors in all cases. See Leon v. Millon Air, Inc., 251 F.3d 1305, 1311 (11th Cir. 2001). Accordingly, in the interest of completeness, the Court will also examine the public interest factors.

maintains that Florida jurors should not be burdened with having to decide this case. Although Perry's argument about burdening local jurors with a case with which they have minimal connection or concern is well taken, the Court finds these arguments only minimally persuasive in evaluating the balance of public factors in this case.

Next, Perry emphasizes the Dominican Republic's strong interest in the just and efficient resolution of a dispute that had its genesis there. The United States has a strong interest in seeing the domestic adjudication of its citizens' controversies. However, the Dominican Republic also has an undeniable interest in adjudicating this controversy, because it concerns ownership of property in the Dominican Republic and allegedly tortious activity related thereto. Furthermore, Dominican courts have already considered facets of this controversy on numerous occasions and in a variety of proceedings.

Perry also contends that the law of the Dominican Republic will apply to this action, which makes dismissal appropriate. "The need to apply foreign law, especially a foreign law with which the [C]ourt is unfamiliar, favors dismissal." Del Istmo Assurance Corp. v. Platon, No. 11-61599-CIV, 2011 WL 5508641, at *7 (S.D. Fla. Nov. 9, 2011) (citing Piper Aircraft Co., 454 U.S. at 259–60). However, that one factor "cannot be accorded dispositive weight." SME Racks, 382 F.3d at 1104–05. If this case were not dismissed, the Court would be required to determine the applicable law under conflict-of-laws principles. Florida applies the "significant relationships test" in tort cases to determine the applicable law. See Bishop v. Specialty Paint Co., 389 So. 2d 999, 1001 (Fla. 1980). Factors to be considered include: where the injury occurred; where the conduct causing the injury occurred; the domicile, residence, nationality, and place of incorporation and place of business of the parties; and where the relationship of the

relevant parties is centered. Id. Given the facts of this case, it is probable that Dominican law will apply. This one factor is not dispositive; nevertheless, the application of Dominican law also favors dismissal because "the Court would likely have to rely on expert testimony and evidence concerning the substance of [Dominican] law and to obtain translations thereof, thereby significantly adding to the expense and administrative burden of adjudicating this dispute in this forum." See Beaman v. Maco Caribe, Inc., 790 F. Supp. 2d 1371, 1380 (S.D. Fla. 2011) (citing SME Racks, 382 F.3d at 1104–05).

In response, Newco argues that the public interest factors weigh in favor of United States jurisdiction, and it reiterates its contention that Perry has not carried his burden necessary for dismissal.

Both the United States and the Dominican Republic have an interest in providing a forum for this case, but given the likelihood that the law of the Dominican Republic will apply in this action, and upon consideration of the rest of the relevant public interest factors, the Court determines that this matter should be dismissed and litigated in the Dominican Republic.[4]

## III. Conclusion

Upon considering the relevant private and public interest factors, after weighing the relative advantages of the respective forums, and with due deference to Newco's choice of forum, the Court finds that the balance of conveniences tips decidedly in favor of dismissal.

---

[4] As stated earlier, Newco filed an action for monetary damages against Perry on May 7, 2011, in the Dominican Republic. That action is still pending. Newco has stated that if this Court were to exercise jurisdiction over the instant action, that it would dismiss the Dominican damages action and pursue monetary relief exclusively before this Court. Newco has not given any indication that it could not do the converse: continue its Dominican damages action and pursue monetary relief exclusively before that court. Therefore, the Court concludes that Newco may seek relief in that action and in that forum.

Accordingly, it is ORDERED AND ADJUDGED that Perry's Motion to Dismiss Newco's Complaint (Doc. No. 16) is **GRANTED**. Furthermore, Newco's Motions to Defer Ruling (Doc. Nos. 31, 33) and its Motion for Leave to File a Sur Reply (Doc. No. 36) are **DENIED as moot**. This case is dismissed without prejudice. The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of February, 2012.

Susan C. Bucklew

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record